# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN R. HAAS,
         Petitioner,

v.                           Case No. 07C0480

MICHAEL THURMER,
         Respondent.

## ORDER

John R. Haas filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. He additionally challenges the untimeliness of his appeal on due process grounds. Petitioner alleges that sometime in 2002, a jury convicted him of attempted burglary, possession of burglarious tools and habitual criminality. The court sentenced petitioner to five years confinement and five years supervision. He currently is incarcerated in Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner asserts that his Fourteenth Amendment Due Process rights were violated because it has been over four years since his conviction and his counsel has not yet appealed his case. He contends that he is innocent of the crime for which he is changed

and this inaction has precluded him from raising and exhausting his underlying constitutional claims, included that officer's restraint of him violated <u>Terry v. Ohio</u>, 392 U.S. 1(1968) and that officers took his confession in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). "Excessive delay in appeal under certain circumstances can violate due process." <u>United States v. Antoine</u>, 906 F.2d 1379, 1382 (9th Cir.1999).

Petitioner asserts that he raised the due process concerns in a collateral attack which was dismissed by the state court.

Thus, it appears that petitioner has stated cognizable constitutional claims.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

(2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 29 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge