# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN R. HAAS,
        Petitioner,

    v.                                    Case No. 07C0480

WARDEN LARRY JENKINS,
        Respondent.

## DECISION AND ORDER

In May 2003, a Milwaukee County Circuit Court judge sentenced John R. Haas to five years in prison followed by five years of extended supervision after a jury found him guilty of attempted burglary and possession of burglarious tools. Haas appealed, but more than five years later, his appeal is still pending in the state court of appeals. In May 2007, Haas, appearing pro se, petitioned for a writ of habeas corpus in this court under 28 U.S.C. § 2254, contending that the long delay in his state appeal violated his right to due process and asserting several additional constitutional claims. Respondent now moves to dismiss Haas's petition for failure to exhaust state remedies.

## I. PETITIONER'S STATE COURT APPEAL

On May 22, 2003, petitioner initiated his direct appeal by filing a notice of intent to pursue post-conviction relief. The Wisconsin Public Defender promptly appointed Terry E. Williams to represent petitioner, and by October 21, 2003, Williams had received the entire trial transcript. However, Williams did not take the next step in the process, filing a motion for post-conviction relief or a notice of appeal, for more than three years. In the meantime, petitioner expressed his impatience with the pace of proceedings by filing a pro

se motion for post-conviction relief in the trial court and a pro se petition for a writ of habeas corpus in the court of appeals (in which he complained about his counsel's inaction), both of which were summarily denied. On May 9, 2006, petitioner's counsel filed petitioner's motion for post-conviction relief. The trial court promptly denied it, and on May 31, 2006, Williams filed petitioner's notice of appeal. Subsequently, Williams filed an amended post-conviction motion and a second notice of appeal. Williams then obtained several extensions before filing petitioner's appellate brief, and as a result, petitioner's appeal did not advance for another year. On August 10, 2007, well over four years after the entry of judgment, Williams filed petitioner's appellate brief, in which he argued that the state had wrongly withheld exculpatory evidence and presented evidence tainted by a suggestive police procedure, and that petitioner's trial counsel had been constitutionally ineffective. The state obtained one extension and, on October 10, 2007, responded. Williams obtained two more extensions, and on November 14, 2007, filed his reply brief. Petitioner's case is now fully briefed.

## II. RESPONDENT'S MOTION TO DISMISS

A significant delay in a state prisoner's direct appeal may affect his federal habeas petition in two ways. First, while a prisoner must generally exhaust all available state remedies before filing a habeas petition in federal court, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), a habeas petitioner whose direct appeal has been inordinately and unjustifiably delayed is excused from this requirement. Turner v. Bagley, 401 F.3d 718, 724-25 (6th Cir. 2005); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Harris v. Champion ("Harris I"), 938 F.2d 1062, 1065 (10th Cir. 1991) (discussing the law and collecting cases); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981); see also § 2254(b)(1)(B)(ii). This

2

exception applies to those constitutional claims that the prisoner actually raised in the delayed state court proceeding. Harris v. Champion ("Harris III"), 48 F.3d 1127, 1131-32 (10th Cir. 1995). Second, a significant delay in a criminal defendant's direct appeal may amount to a violation of his right to due process of law. Simmons v. Beyer, 44 F.3d 1160, 1169-71 (3d Cir. 1995); Harris v. Champion ("Harris II"),15 F.3d 1538, 1558-59 (10th Cir. 1994); see also Allen v. Duckworth, 6 F.3d 458, 459-60 (7th Cir. 1993) (assuming so). A federal habeas petitioner may raise a due process claim based on state court delay without first exhausting it. Harris I, 938 F.2d at 1068; see also Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991); Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir. 1990); Allen, 6 F.3d at 459 (stating that requiring a petitioner to exhaust a due process claim based on state court delay "would make the requirement of exhaustion literally exhausting, and might even threaten infinite regress").[1]

In the present case, respondent argues that I need not examine whether delay excuses petitioner's failure to exhaust his pending appellate claims (hereinafter, his "underlying claims") or has violated petitioner's right to due process. Respondent asserts that petitioner raises two claims in his habeas petition that he did not raise in his direct appeal and that are unrelated to the delay: an Eighth Amendment and a Fourth Amendment claim. Thus, respondent argues, even if the state inordinately delayed petitioner's appeal, his petition would still be a "mixed" one, i.e., it would contain some unexhausted claims, subject to dismissal. See Harris III, 48 F.3d at 1131-32. I disagree.

---

[1] If a petitioner succeeds in establishing that appellate delay has violated his right to due process, he will have also implicitly succeeded in showing that the available state court process is ineffective to protect his rights and therefore that he is entitled to bypass the exhaustion requirement. See § 2254(b)(1)(B)(ii).

3

Although petitioner mentions the Eighth Amendment in his petition, he does not state a claim under it. The Eighth Amendment does not govern his allegation that police officers refused to give him medical treatment until he waived his Miranda rights. Further, he does not raise a conditions of confinement claim.[2] Petitioner raises a Fourth Amendment claim in his petition but such claim is not "unexhausted" because no state process is available by which petitioner could exhaust it. He did not raise the claim in his direct appeal and thus may not raise it in a state collateral proceeding. See State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-82 (1994). Thus, the claim is procedurally defaulted rather than unexhausted, see Boerckel, 526 U.S. at 851 (Stevens, J., dissenting) (distinguishing between procedural default and exhaustion), and the present petition is not mixed.

Nevertheless, pragmatism and comity counsel against my considering petitioner's underlying claims at this time. Petitioner's appeal is now fully briefed and the state court of appeals may decide it within a relatively brief time,[3] likely sooner than I could rule on the claims raised in it.[4] Even if I could decide the underlying claims before the state court, doing so might undermine federal/state comity and might also not be in petitioner's interest. In state court, petitioner can assert both state and federal law claims, whereas here, he is restricted to federal law claims. In addition, petitioner's state appellate counsel is more

---

[2]Even if, by mentioning the Eighth Amendment, petitioner intended to raise such a claim, I would dismiss it rather than treat it as unexhausted, inasmuch as conditions of confinement claims are not cognizable in a habeas petition. See Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005).

[3]The court of appeals advises that it will conference on petitioner's case on March 3, 2008. Based on its typical pattern, it will likely decide the case two or three months later.

[4]I would first have to decide whether petitioner is excused from the exhaustion requirement, and assuming he was, the parties would have to brief the underlying claims.

4

familiar with the underlying claims than a newly appointed counsel could become in a short time. Thus, in circumstances such as these, the Third Circuit suggests that a district court "stay its hand once there is reliable evidence that [a previously delayed] state action has been reactivated." Walker v. Vaughn, 53 F.3d 609, 615 (3rd Cir. 1995).

The factors discussed above, however, do not weigh against my promptly examining petitioner's claim that the state court delay resulted in a denial of due process. Such claim is not before the state court and it raises the possibility of a continuing constitutional violation. Thus, I will deny respondent's motion to dismiss but stay consideration of petitioner's underlying claims until the state court of appeals addresses them.[5] However, s other courts have done, I will consider petitioner's due process claim based on state court delay without any further delay. If I find such claim to be meritorious, I may grant petitioner conditional relief tied to the disposition of the appeal. See, e.g., Harris II, 15 F.3d at 1566-67; Cody, 936 F.2d at 719-22; Coe, 922 F.2d at 532-33; cf. Turner, 401 F.3d at 727 (noting that while conditional release is the usual remedy for excessive state court delay, in that case unconditional release was appropriate); Simmons, 44 F.3d at 1171 (same). Regardless of the outcome of the appellate delay claim, if the state courts rule against petitioner on the underlying claims, he may ask me to consider such claims then.

### III. PETITIONER'S DUE PROCESS CLAIM

Although a defendant has no constitutional right to appeal, once a state grants a defendant a statutory right to appeal, the appeal procedure must comport with

---

[5]In addition, I will grant respondent's motion to stay time for filing his answer but order respondent to answer the petition with respect to the due process appellate delay claim.

5

constitutional standards of due process and equal protection. Evitts v. Lucey, 469 U.S. 387, 393-94 (1985); Ross v. Moffitt, 417 U.S. 600, 606-07 (1974) Burns v. Ohio, 360 U.S. 252, 257 (1959); Griffin v. Illinois, 351 U.S. 12, 18 (1956). "The constitutional touchstone is that the appellate procedure must furnish the components necessary for meaningful review." Simmons, 44 F.3d at 1169. Although the Supreme Court has not addressed the issue, lower federal courts agree that excessive delay in the processing of a criminal defendant's state appeal as of right can amount to a denial of due process. See, e.g., United States v. DeLeon, 444 F.3d 41, 58-59 (1st Cir. 2006); Turner, 401 F.3d at 727; Simmons, 44 F.3d at 1169; Harris II, 15 F.3d at 1558; Cody, 936 F.2d at 719; Coe, 922 F.2d at 530-31; United States of America ex rel Green v. Washington, 917 F. Supp. 1238, 1270 (N.D. Ill. 1996); see also Allen, 6 F.3d at 459-60 (assuming so). They further agree that the appropriate standard for resolving such a due process claim closely tracks the balancing test applicable to a claim involving denial of the right to a speedy trial. See, e.g., United States v. Hawkins, 78 F.3d 348, 350-51 (8th Cir. 1996); Simmons, 44 F.3d 1169; Harris II, 15 F.3d at 1558; Coe, 922 F.2d at 531; Green, 917 F. Supp. at 1271. Under such test, a court balances: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted the right at issue, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

  In the present case, the length of delay weighs in favor of finding a due process violation. Although no bright line divides acceptable from unacceptable delays, a nearly five year delay – so far – for a defendant serving a five-year prison sentence is not reasonable. Generally speaking, about 230 days elapse between a Wisconsin defendant's filing of a notice of intent to pursue post-conviction relief and the decision on a post-

conviction motion.[6] See Wis. Stat. § 809.30; National Center for State Courts, Review of Caseflow in the Wisconsin Court of Appeals (2001) (chart in statistical reference section), available at http://wicourts.gov/about/pubs/appeals/docs/caseflow.pdf. In this case, over a thousand days elapsed. In a case like petitioner's, requiring a three-judge appellate panel, less than one year generally elapses between the filing of a notice of appeal and disposition. See Court of Appeals Annual Reports (2003-2006), available at http://wicourts.gov/other/appeals/statistical.jsp. In petitioner's case, over 600 days have elapsed since he filed his first notice of appeal and the case remains unresolved. Together, these periods raise due process concerns. See United States ex rel. Hankins v. Wicker, 582 F. Supp. 180, 184-85 (W.D. Pa. 1984) (finding a due process violation where post-conviction-motion delay and appellate delay, together, amounted to an unreasonable period of time); cf. Ward v. Hanks, No. 97-3047, 2000 U.S. App. LEXIS 1224 (7th Cir. Jan. 20, 2000) (calling a four and one-half year delay inordinate).

The second factor in the balancing test, the reason for the delay, also appears to weigh in favor of finding a due process violation. The delay was caused primarily by petitioner's court-appointed counsel, who after receiving the transcript took 931 days to file his post-conviction motion instead of the sixty specified in § 809.30(2)(h), and who, after filing his second notice of appeal, took 344 days to file his brief instead of the forty days indicated in § 809.19(1). Such delay in a direct appeal is attributable to the state. See Simmons, 44 F.3d at 1170 (stating that responsibility for delay cannot be charged to the

---

[6]The trial-level post-conviction procedure provided by Wis. Stat. § 809.30 is "an integral part of [a defendant's] first appeal as of right." Walker v. McCaughtry, 72 F. Supp. 2d 1025, 1031 (E.D. Wis. 1999) (citing State v. Krysheski, 119 Wis. 2d 84, 88 n.4 (Wis. Ct. App. 1984)).

7

"victim of ineffective lawyers"); Harris II, 15 F.3d at 1561-62 (collecting cases); cf. Dozie v. Cady, 430 F.2d 637, 637-38 (7th Cir. 1980) (treating delay caused by appellate counsel as attributable to the state); Lane v. Richards, 957 F.2d 363 (7th Cir. 1992) (stating that counsel's failure to act in a collateral attack on a conviction is not attributable to the state because there is no right to counsel on collateral attack). Even without considering several shorter delays in the appellate proceedings, the above delays have amounted to more than three years of unaccounted-for delay. The state courts contributed to this delay by permitting it.[7]

However, based on the present record, I cannot say that petitioner's counsel did not have a reason for the delay. It is possible that the case was unusually complex or that petitioner engaged in conduct that contributed to the delay. Thus, I must hold a hearing on the issue. Although 28 U.S.C. § 2254(e) limits a habeas court's ability to hold a hearing where the petitioner neglected to develop the facts necessary to his claim in state court, I may hold a hearing in the present case because petitioner was unable to develop such facts in state court. See Richey v. Bradshaw, 498 F.3d 344, 352 (6th Cir. 2007) (citing Holland v. Jackson, 542 U.S. 649, 653 (2004)). At the hearing, the parties may present evidence and advance arguments relevant to petitioner's due process claim based on appellate delay. Because I am ordering a hearing, I will appoint counsel for petitioner

---

[7]According to a document filed by petitioner, attorney Williams wrote to petitioner on December 22, 2004, explaining that he was not prepared to ask for an extension of the post-conviction motion deadline because that would require him to give the court a date by which he could file the motion. Williams assured petitioner that the court would grant an extension motion whenever he asked.

8

pursuant to Rule 8(c) of the Rules Governing § 2254 Cases and schedule a status conference to discuss future proceedings.

It is possible that the state court will dispose of petitioner's appeal before I can decide petitioner's due process claim, which would almost certainly moot such claim. See Allen, 6 F.3d at 459-60. However, the state court could take a very long time to dispose of the appeal. For this reason and because petitioner's due process claim alleges a continuing constitutional violation, I must not put off reviewing it.

## IV. CONCLUSION

**For the reasons stated,**

**IT IS ORDERED** that respondent's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to stay time for filing answer is **GRANTED**.

**IT IS FURTHER ORDERED** that respondent answer the petition regarding only petitioner's due process appellate delay claim within twenty-one (21) days of the date of this order.

**IT IS FURTHER ORDERED** that Federal Defender Services, Inc., or an attorney it designates, is **APPOINTED** to represent petitioner.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on **February 14, 2008 at 2:30 p.m.** The presence of the attorney handling this case is required. The court will initiate the call.

**IT IS FURTHER ORDERED** that an evidentiary hearing will be held on **February 27, 2008 at 3:00 p.m.** The hearing will take place in Room 390, United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin, this 31 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge